IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **RALSTON E. SAMUELS,** | ] |
| **Plaintiff,** | ] |
| v. | ] |
| | ] Case No.: 4:14-cv-2106-KOB |
| **KEVIN DEMERIN, et al.,** | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION

On August 20, 2015, Defendant William Shane Ballow filed a Motion to Dismiss Plaintiff Samuels's claim against him. (Doc. 34). On August 21, 2015, the court directed Samuels to show cause in writing on or before September 21, 2015 why the court should not grant Ballow's motion. (Doc. 35). Although Samuels filed his response on September 28, 2015–a week after the deadline set by the court, the court has considered his response.[1] For the reasons discussed in this memorandum opinion, the court will GRANT Ballow's motion to dismiss.

In November 2012, Samuels was a detainee of the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1, ¶ 7). ICE housed Samuels at the Etowah County Detention Center in Gadsden, Alabama. While being held in Gadsden, on around November 21, 2012, Samuels alleges that he fell from his bunk and injured his shoulder. A doctor at the Gadsden Regional Medical Center performed surgery on Samuels's shoulder. Samuels contends that he needed

---

[1] Samuels emailed a copy of his response to chambers and opposing counsel before the September 21 deadline; however, his response was not filed with the court until September 28.

1

further medical treatment, but Ballow, the Field Medical Coordinator responsible for reviewing ICE detainees' requests for off-site health care services, denied Samuels's request for treatment and "instead, acted swiftly to remove the Plaintiff from the United States to Jamaica." (*Id.*). Samuels now brings this claim against Ballow under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1, ¶ 1).

Ballow asserts that Samuels's claim against him should be dismissed under Fed. R. Civ. P. 12(b)(1) because the court lacks subject-matter jurisdiction over the claim. The court agrees.

Challenges to a court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may be either "facial" or "factual." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). In facial attacks, the court may look only at the pleadings; however, in factual attacks the court may consider "matters outside the pleadings, such as testimony and affidavits." *Id.* at 1529. Ballow's challenge is factual. Thus, the court may consider matters outside of the pleadings in deciding whether it lacks subject matter jurisdiction.

42 U.S.C. § 233(a) bars suits against Public Health Service officers acting within the scope of their employment. This statute provides:

> The remedy against the United States provided by [the Federal Tort Claims Act] . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, *shall be exclusive of any other civil action or proceeding* by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a) (emphasis added).

The Supreme Court has interpreted this language to "grant[] absolute immunity to PHS

officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." *Hui v. Castaneda*, 559 U.S. 799, 806 (2010); *see also Sanford v. Tuscaloosa Cnty. Jail*, No. 7:11-cv-03544-RDP-JHE, 2014 WL 411733, at *5 ("[A] United States Public Health Service employee acting within the scope of employment is immune from *Bivens* claims and a tort claim against the United States under the Federal Tort Claims Act ('FTCA') is the exclusive remedy. . . .")

Because this statute creates an exclusive remedy, it deprives the court of subject matter jurisdiction to hear other claims brought against Public Health Service officers. *See, e.g.*, *Hartstein v. Pollman*, No. 13-cv-1232, 2015 WL 1403116, at *2 (S.D. Ill. Mar. 4, 2015), *report and recommendation adopted by* 2015 WL 1403116 (S.D. Ill. Mar. 24, 2015) (finding no subject matter jurisdiction over *Bivens* claim brought against a Public Health Services officer); *Salter v. Booker*, No 12-00174, 2013 WL 5234302, at *6 (S.D. Ala. Sept. 17, 2013) ("The primary issue regarding the claims against [an employee of the Public Health Service] is jurisdictional.").

Samuels asserts a *Bivens* claim against Ballow; he does not attempt to assert a claim against the United States under the Federal Tort Claims Act. *Bivens* claims cannot be brought against Public Health Service officers acting within the scope of their employment. Thus, the sole question left to decide in the instant case is whether Defendant Ballow was a Public Health Services officer acting within the scope of his employment at the time of Samuels's alleged injuries. The evidence provided by Ballow answers this question in the affirmative.

Proof that a PHS officer was acting within the scope of his employment is usually established in § 233(a) cases "by a declaration affirming that the defendant was a PHS official during the relevant time period." *Hui*, 559 U.S. at 811 (explaining that scope certification by the

Attorney General is not "a prerequisite to immunity under § 233(a)" and that a declaration made by the defendant can also establish scope); *see also Seminario Navarrette v. Vanyur*, 110 F. Supp. 2d 605, 606 (N.D. Ohio 2000); *Lewis v. Sauvey*, 708 F. Supp. 167, 168-69 (E.D. Mich. 1989) (each finding that declarations made by defendant medical professionals were sufficient to establish that they were PHS officers acting within the scope of their employment). Ballow has provided such a declaration. (*See* Doc. 15-1, ¶ 1) ("I have been a commissioned officer in the USPHS, a uniformed service, since June 2008.").

Ballow's Personnel Orders from the U.S. Department of Health and Human Services confirm that Ballow has been a Public Health Services officer since 2008. (Doc. 34-2, 2008 Personnel Order; Doc. 34-3, 2012 Personnel Order). Ballow was a Public Health Services officer at the time of Samuels's November 2012 fall and continued to be a Public Health Services officer during the months following that incident, in which Samuels alleges that Ballow denied his request for medical treatment.

Samuels does not dispute that Ballow was a Public Health Services officer at all times relevant to his claim. He also does not offer any evidence to suggest that Ballow acted outside the scope of his employment in failing to grant Samuels's request for treatment. As Ballow stated in his declaration, his job responsibilities include reviewing "requests for off-site health care services . . ." (Doc 15-1, ¶ 2). This decision forms precisely the issue in this case. Thus, Ballow's actions fall squarely within his responsibilities as a Public Health Services officer.

Accordingly, Ballow is entitled to absolute immunity from "actions arising out of the performance of medical or related functions within the scope of his employment." *Hui*, 559 U.S. at 806. Because Ballow is immune, the court lacks subject matter jurisdiction to hear Samuels's

claim.

Therefore, the court will GRANT Defendant Ballow's motion and will DISMISS Samuels's claim against Ballow. The court will enter a separate order along with this opinion.

DONE and ORDERED this 6th day of October, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE