IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **RALSTON E. SAMUELS,** | ] |
| **Plaintiff,** | ] |
| v. | ] |
| | ] Case No.: 4:14-cv-2106-KOB |
| **KEVIN DEMERIN, et al.,** | ] |
| **Defendants.** | ] |

**MEMORANDUM OPINION**

This matter comes before the court on "Defendant Demerin's Motion to Dismiss or, in the Alternative, For Summary Judgment." (Doc. 39).

On October 30, 2014, pro se Plaintiff Ralston Samuels filed the instant suit against Defendants Kevin Demerin and William Shane Ballow[1], alleging violations of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1).

On August 20, 2015, Defendant Ballow filed a Motion to Dismiss the claim asserted against him. (Doc. 34). The court in turn entered an Order to Show Cause, directing Samuels to show cause in writing on or before September 21, 2015 why the court should not grant Ballow's motion. (Doc. 35). Recognizing the difficulties faced by Samuels as a pro se plaintiff litigating this case from Jamaica, the court allowed Samuels more time than usual – 30 days – to respond to this Order. (*Id.*).

---

[1] Samuels originally asserted a claim against Defendant John Doe, but the court later substituted William Shane Ballow for John Doe after ICE identified Ballow as the person responsible for approving detainees' medical orders. (Doc.16).

1

On September 17, 2015, the court held a telephone conference with Samuels and Defendants' counsel. In this conference, the court reminded Samuels of his obligation to respond to the Order to Show Cause. Samuels assured the court that his response to the court's Order to Show Cause on Ballow's motion was "in the mail" on its way to the clerk's office. In this conference, counsel for the Defendants also informed the court and Samuels that Defendant Kevin Demerin would soon be filing a separate Motion to Dismiss.

Following this conference, on September 18, 2015, Defendant Demerin filed the Motion to Dismiss that is the subject of this Order. (Doc. 39). The court entered a second Order to Show Cause, directing Samuels to show cause in writing on or before October 23, 2015 why the court should not grant Demerin's motion. (Doc. 40).

Thereafter, on September 28, 2015, the court received Samuels's response to the first Order to Show Cause. (Doc. 41). The court considered the merits of Ballow's Motion to Dismiss as well as Samuels's response[2] and determined that Ballow's motion was due to be granted. Accordingly, the court dismissed Samuels's claim against Defendant William Shane Ballow. (Doc. 43).

To date, the court has received no response from Samuels on its second Order to Show Cause, regarding the Motion to Dismiss filed by Defendant Demerin. (Doc. 40). The second Order to Show Cause was sent to the same address as the first Order to Show Cause, to which Samuels responded. Samuels has neither provided the court with a new mailing address, nor has the second Order to Show Cause been returned to the court as undeliverable. Thus, the court

---

[2] The court considered Samuels's response even though it was filed a week after the deadline set by the court in its first Order to Show Cause.

presumes that Samuels did receive the court's second Order to Show Cause. Further, on September 17, defense counsel advised Samuels that Demerin's Motion to Dismiss would be filed soon after the conference call, so Samuels should have been looking for it. Consequently, the court finds that Samuels has failed to comply with this court's Order and has failed to otherwise prosecute his claim against Demerin.

Therefore, the court will GRANT Demerin's Motion to Dismiss; DISMISS WITHOUT PREJUDICE Samuels's claim against Demerin; and as this claim is the only remaining claim in the case, DISMISS the case, costs taxed as paid.

DONE and ORDERED this 6th day of November, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE